UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

Hossein Sedaghat, and
Elham Sheikhi Mehrabadi,

Plaintiffs,

v.

Marco Rubio, in his official capacity as Secretary of State, and
United States Department of State,

Defendants.

Case: 1:26–cv–02757
Assigned To : McFadden, Trevor N.
Assign. Date : 8/3/2026
Description: Pro Se Gen. Civ. (F–DECK)

Civil Action No. __________

COMPLAINT FOR WRIT OF MANDAMUS

AND FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

I. INTRODUCTION

1. Plaintiffs, Hossein Sedaghat and Elham Sheikhi Mehrabadi, respectfully bring this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1), to compel Defendants to make a final decision on Plaintiffs' pending immigrant visa applications based on Plaintiff Hossein Sedaghat's approved EB-2 National Interest Waiver petition, with Hossein Sedaghat as the principal applicant and Elham Sheikhi Mehrabadi as the derivative spouse applicant.

2. Plaintiffs have been subjected to prolonged administrative processing for more than 25 months following their immigrant visa interview conducted together on June 18, 2024, at the United States Consulate General in Sydney, Australia. Despite repeated inquiries and follow-up efforts, Defendants have failed to adjudicate their applications or issue a final decision, causing ongoing and substantial hardship to Plaintiffs' professional, personal, and family life.

RECEIVED
AUG 03 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

3. Contemporaneously with this Complaint, Plaintiffs submit an Appendix of Supporting Documents containing the documentary evidence supporting the allegations set forth herein, including records relating to the approved immigrant petition, National Visa Center processing, immigrant visa interview, Form 221(g), administrative processing, correspondence with the Department of State, CEAC case history, and other relevant materials. To avoid unnecessary repetition, Plaintiffs refer generally to the Appendix rather than citing individual exhibits throughout this Complaint. Plaintiffs incorporate the documents contained in the Appendix by reference to the extent permitted by the Federal Rules of Civil Procedure.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act, 5 U.S.C. § 706(1), which authorize the Court to compel federal officers and agencies to perform duties owed to Plaintiffs and to remedy agency action unlawfully withheld or unreasonably delayed.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e), because Defendants are officers and agencies of the United States acting in their official capacities.

## III. PARTIES

6. Plaintiff Hossein Sedaghat is a citizen of Australia and Iran and resides in Brisbane, Australia.

7. Plaintiff Elham Sheikhi Mehrabadi is the spouse of Plaintiff Hossein Sedaghat and is included in the immigrant visa process as the derivative applicant. She resides with Plaintiff Hossein Sedaghat in Brisbane, Australia.

8. Defendant Marco Rubio is the Secretary of State of the United States and is sued in his official capacity. The Secretary of State is responsible for the administration and adjudication of immigrant visa applications.

9. Defendant United States Department of State is an agency of the United States government charged with overseeing and adjudicating immigrant visa applications through U.S. embassies and consulates abroad.

IV. STATEMENT OF FACTS

10. Plaintiff Hossein Sedaghat's EB-2 National Interest Waiver petition was approved by U.S. Citizenship and Immigration Services. Plaintiff Elham Sheikhi Mehrabadi was included in the immigrant visa process as his derivative spouse applicant, and Plaintiffs were later instructed to attend an immigrant visa interview at the United States Consulate General in Sydney, Australia.

11. Plaintiffs attended their immigrant visa interview together on June 18, 2024. Following the interview, the applications were refused under section 221(g) of the Immigration and Nationality Act for administrative processing, and Plaintiffs promptly submitted the additional documentation requested by the consular officer.

12. After Plaintiffs submitted the additional documentation requested by the consular officer, Defendants confirmed that the applications had entered administrative processing. Plaintiffs' applications remain pending, and Defendants have not issued a final adjudication.

13. Plaintiffs have made repeated good-faith efforts to obtain a final adjudication, including contacting the United States Consulate General in Sydney and the United States Embassy in Canberra. Plaintiffs have consistently been informed that the delay is outside local control and that no timeline for adjudication can be provided.

14. Publicly available guidance from the United States Department of State indicates that immigrant visa issuance after interview and adjudication may occur within a short period in many cases, while cases placed in administrative processing may require additional time. The Department of State also generally advises applicants to wait at least 180 days before inquiring about cases undergoing administrative processing.

15. Plaintiffs' applications have now remained in administrative processing for more than 25 months, far exceeding the 180-day period after which the Department of State

generally permits applicants to inquire about cases undergoing administrative processing.

16. As a direct result of the prolonged delay, Plaintiff Hossein Sedaghat has received employment offers from U.S.-based employers but has been unable to commence employment because final visa adjudication remains pending. The delay has also directly affected Plaintiff Elham Sheikhi Mehrabadi as the derivative spouse applicant, leaving both Plaintiffs in prolonged uncertainty and causing ongoing family stress.

17. The delay has also disrupted Plaintiff Hossein Sedaghat's career planning and professional advancement, delayed Plaintiffs' ability to relocate to the United States as a family, and prevented him from contributing to the field for which his National Interest Waiver petition was approved.

18. The prolonged delay in adjudicating Plaintiffs' immigrant visa applications is unreasonable under the circumstances, particularly given Plaintiffs' full compliance with all requests, and the absence of any articulated justification for the continued delay.

V. CLAIMS FOR RELIEF

COUNT I

(Unreasonable Delay Under the Administrative Procedure Act)

19. Defendants have a nondiscretionary duty to adjudicate Plaintiffs' immigrant visa applications within a reasonable time.

20. Defendants' failure to issue a final decision on Plaintiffs' immigrant visa applications constitutes agency action unlawfully withheld or unreasonably delayed, in violation of 5 U.S.C. § 706(1).

21. The delay is unreasonable in light of the length of time Plaintiffs' applications have remained in administrative processing, Plaintiffs' full compliance with all requests for

information and documentation, and the absence of any meaningful explanation or projected timeline from Defendants.

22. The continued delay has caused substantial prejudice to Plaintiffs, including preventing Plaintiff Hossein Sedaghat from accepting and commencing employment offers from U.S.-based employers due to the unresolved status of the immigrant visa applications, delaying Plaintiffs' ability to relocate to the United States as a family, disrupting their professional and personal plans, and causing ongoing uncertainty and family stress.

23. The delay challenged in this action is unreasonable under the factors identified in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984). Plaintiffs have completed every step required of them, have promptly complied with all requests from Defendants, and have remained in administrative processing for more than twenty-five months without a final adjudication or any indication of when such adjudication will occur.

24. Plaintiffs have no adequate alternative remedy to obtain a final decision other than judicial relief under the APA.

COUNT II

(Writ of Mandamus)

25. Plaintiffs have a clear right to a final adjudication of their immigrant visa applications.

26. Defendants have a clear, nondiscretionary duty to issue a final adjudication of Plaintiffs' immigrant visa applications.

27. Plaintiffs have no other adequate remedy available at law.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

A. Issue a writ of mandamus compelling Defendants to adjudicate Plaintiffs' pending immigrant visa applications based on Plaintiff Hossein Sedaghat's approved EB-2 National Interest Waiver petition;

B. Order Defendants to complete adjudication of Plaintiffs' pending immigrant visa applications within a reasonable time as determined by the Court;

C. Grant such other and further relief as the Court deems just and proper.

D. Retain jurisdiction over this action until Defendants complete adjudication.

VII. SIGNATURE

Dated: Aug 3, 2026

_____________________ Hossein

Hossein Sedaghat

Plaintiff, Pro Se

_____________________ Elham

Elham Sheikhi Mehrabadi

Plaintiff, Pro Se

31 Ronruth Street, The Gap, Brisbane, QLD 4061, Australia

Email: Hosseinsedaghat18@gmail.com

Phone: +61406411969